UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21965-CIV-SEITZ/MCALLEN

CIRCUITRONIX, LLC, a Florida limited
liability company,

       Plaintiff,

v.

JAMES D. LOWREY, a Washington citizen,

       Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT**

THIS MATTER is before the Court on Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint ("Defendant's Motion to Dismiss") [DE 4].[1] Defendant first asserts that Count I, breach of contract, should be dismissed because the pertinent contract does not prohibit the solicitation of Plaintiff's customers. Defendant also contends that Count II, tortious interference with contractual and/or advantageous business relationships, should be dismissed because Plaintiff has failed to identify any specific business relationships that were interfered with or terminated as a result of Defendant's conduct.[2] Upon review of the motion and the response thereto, Defendant's motion to dismiss Count I is denied and Count II is dismissed

---

[1] In its Motion to Dismiss, Defendant stated that "Counts I, II and III should be dismissed." However, the body of Defendant's motion indicates that Defendant's inclusion of Count III was inadvertent as Defendant did not include any discussion of this Count. Therefore, this motion shall be treated as one to dismiss Counts I and II only.

[2] In its response to Defendant's Motion to Dismiss, Plaintiff acknowledges the defect in its Complaint with regard to Count II and seeks leave to file an amended complaint. (Plaintiff's Response at 2, 5.)

1

without prejudice.

**I.      Background**

This case arises out of an employment relationship between Defendant Circuitronix, LLC, a manufacturer of electronic applications used in various industries, and Plaintiff James D. Lowrey, an individual. (Complaint ¶ 2-6.) Plaintiff was hired by Defendant in January 2006 as a sales representative. (*Id.* ¶ 7.) Upon accepting his employment, Defendant executed a non-disclosure, non-competition and non-solicitation agreement (the "Agreement"). (*Id.* ¶ 9.) The Agreement specifically provides:

> 4. NON-COMPETITION COVENANT. . . . [F]or a period of two (2) years after expiration or termination for any reason of his employment with the Company, the Employee, individually or jointly with others, for the benefit of Employee or any third party, directly or indirectly, whether for Employee's own account or for that of any person or entity, shall not: (a) own or hold any ownership or voting interest in any Conflicting Organization;[3] or (b) act as an . . . employee, independent contractor, consultant, . . . agent . . . or in any other capacity for, or lend any assistance . . . or cooperation to, or perform any services for, any Conflicting Organization with one exception. . . . **The Employee may work for a conflicting organization so long as the Employee is not involved, directly or indirectly, for a period of two years with any existing customer of the Company at the time of his/her departure.**

(Complaint Ex. B, Agreement, ¶ 4 (emphasis added)).

On June 30, 2006, Defendant resigned from Plaintiff Circuitronix citing newfound employment with a Swiss watch company. (Complaint ¶ 14.) Plaintiff states, however, that after his resignation, Defendant had been soliciting and doing business with Defendant's customers in breach of his employment contract. (*Id.* ¶ 16.) A month after Defendant ended his employment

---

[3] The Agreement defines a "Conflicting Organization" as a Circuitronix competitor. (Complaint Exh. B, Agreement, ¶ 1(d)).

with Plaintiff, Defendant received an email from a Circuitronix customer addressed to his former Circuitronix email address referencing his quote for "mother boards" and that such email evidences that Defendant was soliciting Plaintiff's customers. (*Id.* ¶¶ 17-18.) Plaintiff further asserts that Defendant has been employed by or associated with MFS, a Circuitronix competitor. (*Id.* ¶ 18.) Defendant then filed the present Complaint alleging, inter alia, that Defendant breached the Agreement by (1) accepting employment with a competitor of Circuitronix, (2) soliciting Plaintiff's customers, and (3) using and disseminating Plaintiff's confidential information to unlawfully compete against Plaintiff. (*Id.* ¶¶ 28-29.) Plaintiff also alleged that Defendant committed tortious interference with contractual and/or advantageous business relationship. (*Id.* ¶¶ 42-46.)

## II.   Standard of Review

A court will not grant a motion to dismiss unless the plaintiff fails to allege any facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true and draw all reasonable inferences in the non-movant's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). For purposes of reviewing a motion to dismiss, a document attached to a pleading is a part thereof for all purposes. *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); Fed. R. Civ. P. 10(c).

## III.   Analysis

In its Motion to Dismiss, Defendant asserts that Count I is defective solely because the Agreement does not expressly prohibit him from "soliciting Plaintiff's customers." (Defendant's

Motion to Dismiss at 3.)  Defendant bases his position on paragraph 5 of the "Non-Solicitation Covenant" which prohibits Defendant from soliciting Plaintiff's employees and says nothing about soliciting Plaintiff's customers.  (*Id.*)

In response, however, Plaintiff references paragraph 4 of the "Non-Competition Covenant" which addresses the issue of Plaintiff's customers.  Specifically, paragraph 4, which is cited in the Complaint, provides that for a period of two years after the termination of employment, an employee shall not:

> (a) own or hold any ownership or voting interest in any Conflicting Organization; or (b) act as an . . . employee, independent contractor, consultant, . . . agent . . . or in any other capacity for, or lend any assistance . . . or cooperation to, or perform any services for, any Conflicting Organization with one exception. . . . The Employee may work for a conflicting organization so long as the Employee is not involved, directly or indirectly, for a period of two years with any existing customer of the Company at the time of his/her departure.

(Plaintiff's Response at 4.)

Thus, contrary to his assertion, and per paragraph 4 of the Agreement, Defendant was prohibited from being "involved, directly or indirectly, for a period of two years with any [then] existing customer" of Circuitronix.  Plaintiff has specifically plead in its Complaint that Defendant was soliciting Circuitronix customers as evidenced by an email from a current customer with regard to Defendant's quote for "mother boards."  (Complaint ¶ 17.)  Plaintiff has also specifically alleged that Defendant has been employed and/or associated with a Circuitronix competitor, namely, MFS.  (Complaint ¶ 18.)  Thus, by alleging it its Complaint that Defendant solicited an existing Circuitronix customer, Plaintiff has sufficiently plead that Defendant was in violation of paragraph 4 of the Agreement.

4

With reference to Count II, Plaintiff concedes that its Complaint is defective because it failed to identify any specific business relationships that were interfered with or terminated as a result of Defendant's conduct, and therefore, seeks to amend its Complaint in this regard.

**IV.     Conclusion**

For the reasons set forth above, it is hereby

ORDERED that

(1)     Defendant's Motion to Dismiss [DE 4] is GRANTED IN PART AND DENIED IN PART.  Defendant's motion to dismiss Count I is DENIED and Count II is DISMISSED WITHOUT PREJUDICE.

(2)     Plaintiff has permission to amend Count II only in its Amended Complaint.  The Amended Complaint shall be due by **January 17, 2007**.

(3)     The status conference currently scheduled for January 8, 2007 at 8:30 a.m is CANCELLED.

ORDERED at Miami, Florida, in chambers this 3rd day of January, 2007.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record